1

2                         UNITED STATES DISTRICT COURT

3                         NORTHERN DISTRICT OF CALIFORNIA

4

5   CLAYTON K. SHUM,

6              Plaintiff,                       No. C 12-0496 PJH

7        v.                                     **ORDER GRANTING DEFENDANT'S**
                                                **MOTION TO DISMISS**
8   EXPERIAN INFORMATION
9   SOLUTIONS, et. al.

10
             Defendants.
11   _____/

12        Defendant's motion to dismiss the complaint came on for hearing before this court

13   on May 18, 2012.  Plaintiff Clayton K. Shum ("Shum") appeared through his counsel, Anita

14   Steburg.  Defendant JPMorgan Chase Bank, N.A. ("Chase"), appeared through its counsel,

15   Goli Mahdavi.[1]  Having read the parties' papers and carefully considered both parties' oral

16   arguments and the relevant legal authority, the court hereby GRANTS Chase's motion to

17   dismiss, for the reasons stated at the hearing, and summarized as follows.

18        Shum agrees that his only cause of action against Chase arises under the Real

19   Estate Settlement Procedures Act (the "RESPA").  See Complaint, ¶¶ 55-58.  Specifically,

20   Shum alleges that Chase failed to acknowledge receipt of his qualified written request

21   ("QWR"), failed to respond to the QWR, and failed to identify the owner of his mortgage

22   loan from Chase.  Id.  Chase seeks dismissal of Shum's claim on grounds that Shum has

23   insufficiently pled that his letter meets the statutory requirements of a QWR and that he has

24   suffered pecuniary damages as a result of Chase's failure to respond to the QWR.

25        A QWR is a "written correspondence" that requests information relating to the

26   servicing of the loan.  12 U.S.C. § 2605(e)(1)(A)-(B).  Specifically, it must "include[] a

27   _____

28        [1] Although Shum's complaint named several defendants, including Chase, Chase was
     the only defendant to move to dismiss Shum's complaint.

1   statement of the reasons for the belief of the borrower, to the extent applicable, that the

2   account is in error **or** provides sufficient detail to the servicer regarding other information

3   sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii) (emphasis added).

4        Loan servicers of federally related mortgage loans who receive a QWR from a

5   borrower must acknowledge receipt of the QWR within five days.  12 U.S.C. §

6   2605(e)(1)(A).  Within thirty days of receiving the QWR, the loan servicer must respond by

7   making appropriate corrections to the borrower's account and after an investigation, by

8   providing the borrower with a written explanation or clarification.  12 U.S.C. § 2605(e)(2).  If

9   the servicer fails to respond to a QWR within the designated times, the servicer is liable to

10  the borrower for actual damages resulting from the failure and any additional damages in

11  the case of a "pattern or practice of noncompliance" with RESPA.  12 U.S.C. § 2605(f).

12  The actual damages must be pecuniary in nature.  Molina v. Wash. Mut. Bank, 2010 WL

13  431439 at *7 (S.D. Cal. 2010); Reynoso v. Paul Fin., LLC, 2009 WL 3833298 at *7 (N.D.

14  Cal. 2009).

15       Here, Shum has sufficiently pled that his letter, mailed on September 15, 2011,

16  qualifies as a QWR.  In the letter, Shum requested identification of all parties with an

17  interest in his mortgage loan from Chase and an accounting of all payments and credits in

18  order to verify the information Chase is providing to the credit reporting agencies.  This

19  request satisfies the alternative requirement that the QWR "provide sufficient detail to the

20  servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii).

21       Although Shum has sufficiently pled that he sent a QWR to Chase, he fails to

22  sufficiently plead that he suffered pecuniary damages resulting from Chase's failure to

23  respond to the QWR.  In the complaint, Shum merely requests compensatory and punitive

24  damages, attorney's fees and costs, pre-judgment and post-judgment interest at the legal

25  rate, and other relief the court deems just and proper.  Complaint at 10:18-21.  In his

26  opposition, Shum alleges that his damages include the damage to his reputation, his

27  reduced capacity to obtain credit, and the added cost of obtaining credit.  See Opposition at

28

4:5-8.  Such allegations are too conclusory to demonstrate that Shum has sufficiently pled pecuniary damages.

Accordingly, for the foregoing reasons, Chase's motion to dismiss is GRANTED.  As discussed at the hearing, the court grants Shum leave to amend the fourth cause of action only.  In order to support a RESPA claim, Shum must properly allege that he suffered pecuniary damages.  As such, Shum is granted a period of twenty-eight days to file an amended complaint.  Chase has twenty-one days to file a response.

**IT IS SO ORDERED.**

Dated: April 19, 2012

PHYLLIS J. HAMILTON
United States District Judge